IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| A & S SERVICES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | No. C 08-1002 |
| vs. | ) | |
| | ) | ORDER |
| DESIGN MANUFACTURING, | ) | |
| INC., d/b/a DESIGN METALS, | ) | |
| INC., | ) | |
| Defendant. | | |

This matter is before the court on defendant's resisted Motion to Dismiss, filed March 31, 2008, and on defendant's unresisted Motion to Strike, filed May 9, 2008. Denied.

Plaintiff A&S Services (A&S), an Iowa corporation with its principal place of business in Orange City, Iowa, brings this action for damages against defendant Design Manufacturing, Inc. (Design), d/b/a Design Metals, Inc., a Missouri corporation with its principal place of business in a state other than Iowa. The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

In Count 1, plaintiff asserts that it contracted with Design to assist with installation of a roof on a grain storage facility, and that Design breached the contract. In Count 2, plaintiff asserts that defendant was negligent in the installation of the roof on the grain storage facility.

Defendant seeks dismissal for improper venue pursuant to 28 USC §1406(a). In support, defendant asserts that this matter involves a contract

dispute over realty in Minnesota, and that venue is improper in Iowa under 28 USC §1391 as defendant does not reside here, no substantial part of events or omissions giving rise to the claim occurred in Iowa, and that the action could have been brought in Missouri where defendant is incorporated, or Minnesota where the events involving the realty occurred.

A&S resists, asserting that the contract giving rise to this dispute was negotiated and signed in Orange City, Iowa, with substantial communications to and from plaintiff's Iowa office before and after the execution of the contract.

In reviewing venue, the court is to determine whether the district chosen by plaintiff has a substantial connection to the claim, whether or not other forums had greater contacts. Setco Enterprises Corp. v. Robbins, 19 F3d 1278, 1281 (8th Cir. 1994). It is the court's view that the business contacts in Iowa by telephone (including extensive communications before and after execution of the contract), facsimile transmission, and in person to negotiate and execute the contract were a "substantial part of the events...giving rise to the claim," and therefore venue is proper in this forum. The motion to strike plaintiff's brief shall be denied. It is therefore

ORDERED

Denied.

December 5, 2008.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT